IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

KEVIN T. GOW,                                    )
                                                 )
                    Petitioner,                  )
                                                 )
          v.                                     )          CV 120-143
                                                 )
JERMAINE WHITE, Warden,[1]                       )
                                                 )
                    Respondent.                  )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Telfair State Prison in Helena, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254.  Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.      **BACKGROUND**

This case challenges the validity of Petitioner's convictions for two counts of burglary as determined by a jury in Richmond County, Georgia, after a trial conducted from February 14 through 16, 2011.  (Doc. no. 10-1,  pp. 39, 53,  <u>State v. Gow</u>, 2010-RCCR-1657 (Sup. Ct. Richmond Cnty. Nov. 23, 2010).  Petitioner was sentenced as a recidivist to twenty years in

_____

[1]The Court **DIRECTS** the **CLERK** to update Warden Jermaine White's name on the docket consistent with the above caption.

prison without the possibility of early release or parole for the residential burglary, and twenty years of probation, to run consecutively to the imprisonment, for the commercial burglary.  (Id. at 34; see also doc. no. 1, p. 1.)  Appointed attorney Melody Cooper represented Petitioner at trial.  (Doc. no. 10-1, pp. 5, 53; doc. no. 1, p. 7.)

Appointed attorney John W. Donnelly represented Petitioner post-conviction.  (Doc. no. 10-1, p. 5; doc. no. 1, p. 7.)  Relevant to the current federal petition, Petitioner argued in his motion and amended motions for new trial that Ms. Cooper provided constitutionally ineffective assistance of counsel by, *inter alia*, (1)  allowing Petitioner to appear before the jury during the trial dressed in a jail-issued jumpsuit, and (2) failing to move for severance of the two burglary counts in the indictment.  (Doc. no. 10-1, pp. 47, 52.)  The trial court denied the motion for new trial.  (Id. at 54.)

On direct appeal, Mr. Donnelly again raised several grounds of ineffective assistance of trial counsel, including the two grounds above, as well as several allegations of trial court error.  The Court of Appeals affirmed in an unpublished opinion.  Gow v. State, No. A14A0746 (Ga. App. Nov. 20, 2014), *cert denied*, No. S15C0574 (Ga. Feb. 16, 2015), *reh'g denied*, (Ga. Apr. 9, 2015).  (Doc. nos. 9-3, 9-4.)  Specific to the pending federal claims of ineffective assistance of trial counsel, the Court of Appeals concluded, "Although we agree that [Petitioner's] attorney made multiple mistakes in her representation of Gow, these mistakes were not such that we can conclude that the outcome of [Petitioner's] trial would have been different . . . ."  (Doc. no. 9-3, p. 6.)

Going on to apply <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Court of Appeals addressed each claim of ineffective assistance in detail, and as relevant to the current proceedings, provided the following description of the record evidence:

> [T]he evidence against [Petitioner] was overwhelming.  The evidence clearly connected Gow to the scenes of both crimes.  In the October 2010 incident [residential burglary, Count 2], Gow had been in apartment K6 in the past to visit Sims' houseguest.  There was testimony from both the apartment leasing manager and the maintenance worker that they observed Gow walking from apartment K6 on the morning of the crime and leaving in a car full of items.  Furthermore, there was testimony that Gow repeatedly called the homeowner's landline several times during the morning of the burglary, and that he later approached the victim at her place of employment and attempted to pay her to tell the police that he was not involved in the burglary.  In the November 2010 incident [commercial burglary, Count 1], Gow met with the victim in his office less than a week before the burglary occurred, and he was observed by law enforcement walking away from the scene while removing gloves.  Upon seeing law enforcement approach him, Gow fled.  Further investigation revealed shoe prints inside the business which were consistent with the shoes Gow was wearing at the time he was detained.
>
> . . . .
>
> It is apparently true that Gow wore a green jail-issued jumpsuit during trial.  At the motion for new trial hearing, Gow testified that he wished to wear civilian clothes to his trial and that he had made arrangements with the mother of his child to bring appropriate clothing for him for trial, but that she arrived too late for him to wear them.
>
> . . . .
>
> [T]he record is silent as to whether the green coveralls worn by Gow during trial did or did not contain insignia or markings indicating that it was prison clothing.

(<u>Id.</u> at 8-9, 13-14.)

Petitioner next filed a *pro se* state habeas corpus petition on January 25, 2016, in Ware County, and the state court held an evidentiary hearing on March 12, 2016.  (<u>See</u> doc. nos. 9-

5, 10-1.)  Petitioner filed a post-hearing brief on March 6, 2017, (doc. no. 9-6), and the habeas

court issued a final order dated December 14, 2020, and filed February 2, 2021, (doc. no. 12-

1).    Petitioner did not request a certificate of probable cause to appeal from the Georgia

Supreme Court, and therefore the state court proceedings are concluded.  (See doc. no. 14.)

Petitioner raises the following claims for relief in his timely-filed § 2254 *pro se* petition:

(1)    There has been undue delay in ruling on Petitioner's state habeas petition.   "There is an absence of state corrective process or circumstances that renders state process ineffective to protect my rights," (doc. no. 1, pp. 5-6); and

(2)    Trial counsel provided ineffective assistance by not assisting in obtaining civilian clothes for trial, (id. at 6); and

(3)    Trial counsel provided ineffective assistance by failing to seek severance of the residential and commercial burglaries charged in the indictment, (id.); and

(4)    The Georgia Court of Appeals agreed trial counsel made several mistakes in her representation of Petitioner "but refused to elaborate in its ruling," (id.).

Respondent argues federal relief should be denied on all claims because grounds one

and four do not provide a basis for federal habeas corpus relief, and the decision of the Court

of Appeals on the merits of Petitioner's ineffective assistance claims in grounds two and three

deserves deference under 28 U.S.C. § 2254(d).  (See doc. nos. 8, 8-1.)

## II.    STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014). Rather, the habeas petition must show the state court decision was

"objectively unreasonable."  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").  A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence."  Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").  "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . .  Whatever that precise relationship may be, a state-court factual determination

6

is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## III.   DISCUSSION

### A.   Ground One Does Not Support a Claim for Federal Habeas Corpus Relief

Petitioner asserts in Ground One that the delay in resolution of his state habeas petition, filed in 2016, deprived him of a state corrective process.  (Doc. no. 1, p. 5.)  Respondent argues this claim fails to state a claim for federal habeas corpus relief because alleged infirmities in state collateral proceedings do not state a claim for federal habeas corpus relief.  (Doc. no. 8-1, p. 4.)  Indeed, in the Eleventh Circuit, alleged errors regarding "state collateral proceedings do not provide a basis for habeas relief.  The reasoning behind this well-established principle is straightforward:  a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment - i.e., the conviction itself-and thus habeas relief is not an appropriate remedy."  Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009); see also Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." ).

Even if Petitioner had stated a claim for federal relief in Ground One, the issue is now moot because the state habeas court issued its final order on Petitioner's state petition in an order signed December 14, 2020, and filed February 2, 2021.  (See doc. no. 12-1.)  When the Court requested information from the parties regarding any further proceedings regarding the

7

state habeas petition, Respondent stated that as of April 16, 2021, no additional filings had been made in Ware County or in the Georgia Supreme Court.[2]  (Do. no. 14, p. 2.)  Petitioner did not respond to the Court's inquiry.  As the record reflects Petitioner obtained a ruling on his state habeas petition and chose not to pursue an appeal of the denial of relief, his claim that he has been denied use of  the state corrective process - even if it had stated a valid claim for relief - is now moot.  Accordingly, Petitioner is not entitled to relief on Ground One.

**B.      Applying AEDPA Deference to the Ineffective Assistance Claims Rejected by the State Courts, Federal Habeas Relief Is Not Warranted**

Applying AEDPA deference to Petitioner's claims previously analyzed and rejected by the Court of Appeals of Georgia, federal habeas relief is not warranted.  See Wilson v. Sellers, 584 U.S.-, 138 S. Ct. 1188, 1192 (U.S. 2018) (requiring federal habeas court to review reasons of merits-based decision by state court and defer to those reasons if they are reasonable).  As explained in detail above, the Court is guided by AEDPA's mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  Tharpe, 834 F.3d at 1337.  Moreover, AEDPA requires the Court give deference to the state-court decision, and that deference must be "near its apex"

---

[2]Pursuant to O.C.G.A. § 9-14-52, a petitioner seeking to appeal the denial of state habeas relief must file, within thirty days of entry of the order denying relief, a notice of appeal in the superior court that issued the order and an application for a certificate of probable cause to appeal in the Supreme Court.  Failure to comply with both requirements requires dismissal of the appeal to the Supreme Court.  Fullwood v. Sivley, 517 S.E.2d 511, 516-17 (Ga. 1999).

when considering <u>Strickland</u> claims that turn on general, fact-driven standards. <u>Sexton v.</u> <u>Beaudreaux</u>, 584 U.S.-, 138 S. Ct. 2555, 2560 (U.S. 2018) (*per curiam*).

### 1.   Ground Four Provides No Basis for Relief

In a claim related to the two, substantive ineffective assistance claims raised in Grounds Two and Three, Petitioner argues in Ground Four that the Georgia Court of Appeals "admitted" trial counsel made several errors in her representation of Petitioner "but refused to elaborate in its ruling." (Doc. no. 1, p. 6.)   The Court of Appeals stated, "Although we agree that [Petitioner's] attorney made multiple mistakes in her representation of Gow, these mistakes were not such that we can conclude that the outcome of [Petitioner's] trial would have been different . . . ." (Doc. no. 9-3, p. 6.)   Notably, however, the appellate opinion continues with a detailed discussion of each alleged instance of ineffective assistance and explains how, in each instance, Petitioner had not met the two-pronged test of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).[3]   (<u>See generally</u> <u>id.</u> at 8-16.)

In any event, Petitioner's federal argument sounds more along the lines of his disagreement with the appellate decision and an implication the state court decision should not be given deference.   As the case law makes clear, however, federal habeas courts are not to flyspeck or grade state court orders, and a state court is not required to "'show[] its work' by explicitly mentioning 'all relevant circumstances.'" <u>Meders v. Warden, Ga. Diagnostic Prison</u>, 911 F.3d 1335, 1349, 1350 (11th Cir. 2019); <u>see also</u> <u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>,

---

[3]The <u>Strickland</u> standard is discussed in detail in Part III(B)(2), *infra*.

876 F.3d 1039, 1055 (11th Cir. 2017) (same); <u>Lee v. Comm'r, Ala. Dep't of Corr.</u>, 726 F.3d 1172, 1211 (11th Cir. 2013) (same).  As discussed in detail below, the appellate court decision merits AEDPA deference,[4] and Ground Four provides no basis for relief.

### 2. Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001).  "An attorney's actions need only fall within 'the wide range of professionally competent assistance' to pass constitutional muster," and "courts should not second-guess counsel's assistance" because "[e]ven the best criminal defense attorneys would not defend a particular client the same way." <u>Philmore v McNeil</u>, 575 F.3d 1251, 1260 (11th Cir. 2009) (citations omitted).

---

[4]As Petitioner's ineffective assistance of trial counsel claims were decided adversely to him on direct appeal, the Court applies AEDPA deference to that decision.  <u>See</u> <u>Wilson</u>, 138 S. Ct. at 1192.  Petitioner's state habeas petition raised four grounds of alleged ineffective assistance of *appellate* counsel and one ground of alleged trial court error.  (<u>See</u> doc. nos. 9-5, 9-6, 12-1.)  Thus, although the state habeas court was the last state court to issue a decision, the Court's analysis focuses on the state appellate court decision, the last related state-court decision providing relevant rationale regarding Petitioner's federal claims of alleged ineffective assistance of *trial* counsel.  <u>See</u> <u>Wilson</u>, 138 S. Ct. at 1192.

Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691.  "[A] court should be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy." <u>Devier v. Zant</u>, 3 F.3d 1445, 1450 (11th Cir. 1993).   Indeed, "strategic choices are 'virtually unchallengeable.'" <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing <u>Strickland</u>, 466 U.S. at 690 and <u>Waters v. Thomas</u>, 46 F.3d 1506, 1522 (11th Cir. 1995) (<i>en banc</i>)).  "Counsel will not be deemed unconstitutionally deficient because of tactical decisions. . . , and [t]he presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel." <u>Michael v. Crosby</u>, 430 F.3d 1310, 1320 (11th Cir. 2005) (internal citations omitted).

To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. <u>Strickland</u>, 466 U.S. at 690; <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983) (<i>per curiam</i>) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." (citations omitted)). The purpose of this review is not to grade counsel's performance because, of course, every lawyer "could have done something more or different. . . .  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (<i>en banc</i>).  <u>Strickland</u> requires application of a totality-of-the-circumstances standard because "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by

defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.  Khan v. United States, 928 F.3d 1264, 1273 (11th Cir.) (citation omitted), *cert. dismissed*, 140 S. Ct. 339 (U.S. Nov. 5, 2019).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."  Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512).  "The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ."  Michael, 430 F.3d at 1319 (citations omitted)

As emphasized by the Eleventh Circuit:

[D]eferential review under Strickland does not ask whether counsel could possibly or ideally have been more effective.  "The test for ineffectiveness is not whether counsel could have done more."  We do not ask whether an attorney's representation "deviated from best practices or common custom," and we should resist the temptation to second-guess an attorney with the benefit of our hindsight.   Rather, Strickland asks only "whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." . . .  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances.

Jenkins v. Comm'r, Ala. Dep't of Corr., 963 F.3d 1248, 1269-70 (11th Cir. 2020) (internal citations omitted), *cert. denied*, Jenkins v. Dunn, No. 20-6972, 2021 WL 1951891 (U.S. May 17, 2021).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the second prong of Strickland, requiring a showing of prejudice, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A reasonable probability is less than a preponderance." Hayes v. Sec'y, Fla. Dep't of Corr., -F.4th-, No. 19-18056, 2021 WL 3747189, at *5 (11th Cir. Aug. 25, 2021).

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted). Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

13

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 699. "In short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations and citations omitted). Therefore, "[a]s difficult as it is to prevail on an ineffective assistance prejudice issue in the first court to decide it, the [AEDPA] makes it even harder to succeed on that issue in a federal habeas proceeding after a state court has rule that the petitioner failed to show prejudice." Tarleton v. Sec'y, Fla. Dep't of Corr., 5 F.4th 1278, 1287 (11th Cir. 2021) *per curiam*) (citation omitted).

"Surmounting Strickland's high bar is never an easy task." Harrington, 562 U.S. at 105 (citing Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." Id. (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and

doubly deferential when it is conducted through the lens of federal habeas"). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . . [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." Woods v. Etherton, 578 U.S.-, 136 S. Ct. 1149, 1151 (U.S. 2016) (per curiam) (internal quotations and citations omitted).

To summarize, for Petitioner to obtain federal habeas relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. That is, if fairminded jurists could reach differing conclusions, this Court owes deference to the state court decision, and federal relief is not available. Shinn v. Kayer, 592 U.S.-, 141 S. Ct. 517, 525 (U.S. 2020) (per curiam) ("Perhaps some jurists would share those views [of a federal appeals court weighing evidence to reverse state court rejection of a Strickland claim], but that is not the relevant standard. The question is whether a fairminded jurist could take a different view. And the answer is yes."). Put another way, "the question becomes whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Raulerson v. Warden, 928 F.3d 987, 997 (11th Cir. 2019) (citation omitted), cert. denied, 140 S. Ct. 2568 (U.S. Mar. 30, 2020). "The Strickland standard is a general one, so the range of reasonable applications is substantial." Harrington, 562 U.S. at 105; see also Sexton, 138 S. Ct. at 2560 ("[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." (citation omitted)); Woods, 575 U.S. at 316 ("AEDPA's standard is intentionally difficult to meet.").

### 3. The State Court's Application of <u>Strickland</u> to Petitioner's Ineffective Assistance Claim in Ground Two Was Not Objectively Unreasonable

In Ground Two, Petitioner argues trial counsel provided ineffective assistance by not assisting in obtaining civilian clothes for trial.  (Doc. no. 1, p. 6.)  Applying <u>Strickland</u>, the state appellate court rejected the claim, concluding that even if Ms. Cooper should have taken action to ensure Petitioner had civilian clothes for trial, the evidence against Petitioner was strong, and Petitioner could not satisfy the two-prongs of <u>Strickland</u>.  (Doc. no. 9-3, pp. 14-15.)

### a. Background

Prior to representing Petitioner at his 2011 trial, Ms. Cooper worked at the Augusta Judicial Circuit Public Defender's Office since 2008, after joining the Georgia Bar in 2007.[5] (Doc. no. 10-4, p. 46.)  Ms. Cooper started her career handling misdemeanors in state court and then was promoted to handling felonies in superior court.  (<u>Id.</u> at 46-47.)  She had conducted three or four jury trials prior to her representation of Petitioner, and a more senior attorney worked with her on the trial and helped with decisions about conducting the trial.  (<u>Id.</u> at 47, 66-67.)

Specific to the issue regarding obtaining civilian clothes, Ms. Cooper testified the practice of her office was to ask a client for contact information for someone who could bring civilian clothes for the trial and then contact that person.  (<u>Id.</u> at 54.)  However, the clothes had

---

[5]At the time of the hearing on the motion for new trial, Ms. Cooper had married and changed her last name to Ebron.  (Doc. no. 10-4, pp. 46-43.)

to be brought to the jail twenty-four to forty-eight hours prior to trial, and if that did not happen, the client had to go to trial in the clothes provided by the jail.  (Id.)  She did not request a continuance of the trial when it was apparent Petitioner did not have civilian clothes on the morning of trial.  (Id.)  Petitioner also testified in the state court proceedings that the person who could have brought him civilian clothes arrived too late, and Ms. Cooper did not request a continuance.[6]  (Id. at 86, 89.)

### b.    Analysis

The state appellate court concluded Ms. Cooper should have ensured Petitioner had civilian clothes for trial, but also recognized Georgia case law did not require a new trial based on wearing prison clothing when the record shows the prison clothes bore no insignia or markings indicating prison clothes.  (Doc. no. 9-3, pp. 14-15 (citing Kerr v. State, 391 S.E.2d 449, 450 (Ga. Ct. App. 1990)); see also Johnson v. State, 534 S.E.2d 563, 565 (Ga. Ct. App. 2000) (recognizing right to appear before jury in civilian clothes but rejecting ineffective assistance claim based on appearance in clothes not bearing prison insignia where there was not reasonable chance of different trial outcome where evidence against defendant was strong).  However, the state court also determined the record was silent as to whether the coveralls Petitioner wore contained insignia or markings indicating prison clothing.  (Doc. no. 9-3, p. 15.)  In addition, based on the strong evidence against Petitioner, the state court could not

---

[6]The record also reflects that despite Petitioner's active engagement with the trial judge on the morning of trial discussing his desire to reach an alternative resolution to trial that would address the pending burglary charges and their potential impact on his separate revocation proceedings, Petitioner did not raise any objection to the judge about appearing before the jury in his coveralls.  (Doc. no. 10-4, p. 72.)

conclude either there was a reasonable chance the outcome of the trial would have changed or that the coveralls likely contributed to the verdict.  (Id.)

Petitioner again argues in his federal petition that Ms. Cooper did not provide assistance in obtaining civilian clothes for trial.  (Doc. no. 1, p. 6.)  However, the record as described above is clear that contact had been made with a person to bring Petitioner civilian clothes, but that person arrived late.  Nor has Petitioner presented anything to challenge the factual finding regarding the lack of information regarding markings that would have identified Petitioner's coveralls as prison clothing.[7]

Moreover, even accepting the state court determination that Ms. Cooper should have made sure Petitioner had civilian clothes, Petitioner cannot satisfy the prejudice prong of Strickland.  As the state court ruled, the evidence against Petitioner was strong, and his clothing likely did not contribute to the verdict.  "Overwhelming" evidence connected Petitioner to the residential burglary, including testimony from witnesses who observed Petitioner walking from the burgled apartment to a car full of items, as well as Petitioner's repeated calls to the homeowner's landline the morning of the burglary and an attempt to pay the victim to say Petitioner was not involved in the crime.  (Doc. no. 10-1, pp. 95-97, 108-09, 113-14.)  As to the commercial burglary, Petitioner was in the office less than a week before the burglary, law enforcement saw Petitioner walking away from scene while removing gloves, Petitioner fled when officers approached him, and shoe prints inside the business were consistent with the

---

[7]The trial transcript reflects witnesses identified Petitioner as wearing a green jumpsuit or green shirt, without reference to jail or prison.  (Doc. no. 10-1, pp. 108, 113, 121, 138, 181,188, 207.)

shoes Petitioner was wearing when detained.  (Id. at 135-36, 180-83, 205-07.)  Petitioner offers

nothing to challenge this evidence or otherwise establish prejudice from appearing in the

coveralls in light of the strong evidence against him.

In sum, the record does not support a conclusion the state court's decision to reject this

ineffective assistance claim was an unreasonable application of Strickland or based on an

unreasonable determination of the facts in light of the evidence presented.  Even assuming Ms.

Cooper should have made sure Petitioner had civilian clothes, Petitioner fails to show prejudice

because he has not offered any argument or evidence to show the outcome of the trial would

have been different had Ms. Cooper ensured he appeared in civilian clothes.  Applying the

requisite AEDPA deference, Ground Two provides no basis for federal habeas corpus relief.

### 4.    The State Habeas Court's Application of Strickland to Petitioner's Ineffective Assistance Claim in Ground Three Was Not Objectively Unreasonable

In Ground Three, Petitioner argues Ms. Cooper provided ineffective assistance by

failing to seek severance of the residential and commercial burglaries charged in the

indictment. (Doc. no. 1, p. 6.)  Applying Strickland, the state appellate court ruled Ms. Cooper

did not provide ineffective assistance because she pursued a reasonable trial strategy not to

request severance, and in any event, the record did not show severance was required or would

have been granted if requested.  (Doc. no. 9-3, p. 16.)

#### a.    Background

Ms. Cooper testified she did not believe it was necessary to sever the residential and

commercial burglary charges. (Doc. no. 10-4, p. 51.)  Specifically, the two charges occurred

approximately three weeks apart and were both violations of other people's personal property, making it likely the two charges could be presented at trial as similar transactions.  (Id. at 78-79.)  As it was Ms. Cooper's practice not to request severance when the law was not in her favor, she did not pursue a fruitless argument.  (Id. at 79.)

    b.    **Analysis**

    The state appellate court ruled Ms. Cooper did not provide ineffective assistance because she pursued a reasonable trial strategy not to request severance where the law did not support such a motion.  (Doc. no. 9-3, p. 16.)  Alternatively, the state court found no "evidence to suggest that a severance would or should have been granted even if counsel had so requested."  (Id.)  Petitioner argues in his federal petition the two burglary charges "were not connected."  (Doc. no. 1, p. 6.)  As expounded upon on his direct appeal, Petitioner claimed the two charges lacked any specific connection, occurred at different locations, at different times of day, and using different entry methods, and had no overlapping evidence or witnesses. (Doc. no. 9-1, pp. 7, 18-19.)

    First, Petitioner makes no effort to address the basis for the state court's decision, either by challenging the reasonableness of Ms. Cooper's strategy, or identifying any alleged prejudice from the decision not to pursue severance.  (See doc. no. 9-3, p. 16 (citing May v. State, 729 S.E.2d 545, 547 (Ga. Ct. App. 2012)); see also Carson v. State, 843 S.E.2d 421, 426-27 (Ga. 2020) (explaining defendant has right to severance if offenses joined solely on ground of similar character, but when one offense can be admitted in trial on other offense, joinder not based solely on similar character and severance not mandatory); Loren v. State,

20

493 S.E.2d 175, 177-78 (Ga. 1997) ("The defendant requesting a severance has the burden of making a clear showing of prejudice and a denial of due process in the absence of severance.")

Second, even though Petitioner's current ineffective assistance claim is one of constitutional dimension, this Court should "defer to the state's construction of its own law" when the federal ineffective assistance claim is based on counsel's failure to raise an issue of state law. Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1295 (11th Cir. 2017); see also Green v. Georgia, 882 F.3d 978, 988 (11th Cir. 2018) ("On habeas review, federal courts may not second guess state courts on questions of state law. . . . Accepting the Court of Appeals' interpretation of Georgia law, it was thus correct in holding that [the petitioner] did not suffer Strickland prejudice."); Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997) ("[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."). Therefore, when considering under the current circumstances "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard," Pinkney, 876 F.3d at 1295, the Court presumes the state court knows, and correctly applied, Georgia law. The state court found nothing in the record suggesting that severance would have been appropriate under Georgia law, (doc. no. 9-3, p. 16), and Petitioner has not established severance was required or would have been granted if requested.

Petitioner presents nothing in these proceedings undermining the state court decision rejecting a claim of ineffective assistance based on the failure to move for severance of the two burglary charges. He has provided nothing showing the strategy of counsel was so patently unreasonable that no competent attorney would have chosen it, Adams, 709 F.2d at 1445, let

21

alone shown with a reasonable probability, that severance would have been granted if Ms. Cooper had made such a motion.  In sum, the record does not support a conclusion the state court's decision to reject this ineffective assistance claim was an unreasonable application of Strickland or based on an unreasonable determination of the facts in light of the evidence presented.  Applying the requisite AEDPA deference, Ground Three provides no basis for federal habeas corpus relief.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 9th day of September, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA